

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**Signed January 10, 2014**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT FARMER JONES and | § | CASE NO. 13-33026-bjh-7 |
| ESTHER JANE JONES | § | |
| | § | |
| Debtors | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER BARRING CHARLES SEPTOWSKI FROM PRACTICE IN THE BANKRUPTCY COURTS FOR THE NORTHERN DISTRICT OF TEXAS FOR NOT LESS THAN 24 MONTHS

Before the Court is the Motion to Review Transactions with Attorney (the "Motion") filed by the United States Trustee for Region 6 (the "US Trustee") in the bankruptcy case of Robert and Esther Jones (the "Debtors"), in which the US Trustee asks this Court to review the transactions between the Debtors and their attorney, Charles Septowski ("Septowski"). According to the US Trustee, the Debtors paid Septowski $7,500 for representation in their bankruptcy case, but then filed their bankruptcy petition pro se and had their case dismissed for

failure to file a routine document. While the Debtors' case was subsequently reinstated by virtue of a motion filed using Septowski's electronic case filer ("ECF") login and password, that motion to reinstate was filed while Septowski was suspended from the active practice of law by the State Bar of Texas. Finding the circumstances surrounding the Debtors' bankruptcy case odd, to say the least, the Motion was filed and the oddities were brought to the Court's attention.

The hearing on the Motion commenced on November 20, 2013. The Court was advised that the US Trustee and Septowski had reached an agreement regarding the disposition of the Motion. The Court was provided a copy of the proposed Agreed Order in which Septowski agreed, among other things, that he (i) will not file a bankruptcy case in the Northern District of Texas for one year from the date of entry of the order, and (ii) will take one Ethics Course before he is authorized to file another bankruptcy case in the Northern District of Texas. Given the unusual circumstances that had prompted the filing of the Motion, the Court was not willing to sign the proposed Agreed Order until the facts underlying the Debtors' bankruptcy filing and who had been representing the Debtors in their bankruptcy case were fully vetted.

Accordingly, the hearing proceeded and the Court was presented with a written stipulation of facts that the US Trustee and Septowski had prepared. Moreover, the Court heard live testimony from Septowski's paralegal, Mr. Alums ("Alums"), and received statements from one of the Debtors, Esther Jones, and Cameron Chandler n/k/a Cameron Compton. Although Septowski did not formally take the witness stand and testify in his own behalf, he represented himself at the hearing and made numerous statements of fact to the Court as an officer of the Court, which the Court considers to be the equivalent of sworn testimony. Because the underlying facts became more confusing as the hearing progressed,

not less, the Court continued the hearing until January 6, 2014 so that the testimony of Laura Porcet, the individual who apparently filed pleadings and documents in the Debtors' bankruptcy case using Septowski's ECF login and password, could be presented to the Court.

Not surprisingly and for reasons that will be explained further below, Ms. Porcet did not appear at the continued hearing.[1] However, Septowski did appear, as did a representative of the US Trustee. Ms. Chandler participated by telephone from her office in Anchorage, Alaska. Septowski made further statements to the Court on his own behalf at the January 6 continued hearing, following which the hearing was concluded. This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law with respect to the Motion.

**FACTUAL BACKGROUND**

As just noted, the US Trustee and Septowski provided the Court with a written stipulation of facts at the outset of the November 20, 2013 hearing. Those facts are set forth verbatim below in numbered paragraphs 1-22. The Court accepts the parties' factual stipulations to the extent they are not inconsistent with the Court's own findings of fact in this Memorandum Opinion and Order.

1. Robert Farmer Jones and Esther Jane Jones personally appeared at the Bankruptcy Clerk's office and filed their joint, voluntary chapter 7 petition on June 12, 2013. (Dkt. #1 petition and Dkt. #7 and #8-2 photo ID)

2. ECF shows that ECF Filer Number for Charles Septowski filed documents on the docket on June 26, 2013 (Dkt. #13-18) including the Schedules and Statement of Financial Affairs ("SOFA") (Dkt. #16).

3. The first Disclosure of Compensation of Attorney for Debtors ("Rule 2016 Disclosure")

---

[1] Alums did not return for the January 6 hearing, although the Court had instructed him to be at the continued hearing at the conclusion of the November 20 hearing.

states that prior to filing the Disclosure, the Debtors paid the Firm for Charles Septowski $7,500.00. (Dkt. #14)

4. The first Rule 2016 Disclosure is signed by "Cameron Chandler #0192457" of Septowski & Associates of Round Rock, Texas. (Dkt. #14)

5. On October 4, 2013, Mr. Septowski filed an amended Rule 2016 Disclosure asserting that he received $1.00 for services in connection with this bankruptcy case. (Dkt. #43)

6. The Statement of Financial Affairs ("SOFA") states that the Debtors paid $7,500 to Septowski & Associates in 2013 for "consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy. . . ." No particular date in 2013 is stated. (Dkt. #16)

7. The Court dismissed the Jones case on July 1, 2013 because the Debtors did not timely file their employee income records. (Dkt. #23)

8. On July 18, 2013, ECF Filer Number for Charles Septowski filed a Motion to Reopen Case and an order, which the Court signed on August 5, 2013. (Dkt. #26 and #29).

9. At the same time as the filing of the Motion to Reopen, ECF Filer Number Charles Septowski filed the Employee Income Records. (Dkt. #27"

10. The Motion to Reopen the Case (Dkt. #26) states that Cameron Chandler signed the motion to reopen.

11. The Docket states that ECF Filer Number for Charles Septowski uploaded the Motion to Reopen the Case.

12. The Docket and State Bar of Texas Disciplinary Records show the following:

| Dates | Case Events | State Bar Events | Documents |
|---|---|---|---|
| 5/1/2013 | | Active Suspension from the practice of law begins | Disc. Dec. X4231 |
| 5/31/2013 | | Pre-existing Probated Suspension ends | Disc. Dec. X3934 |
| 6/12/2013 | Chapter 7 Petition filed | | Dkt. #1 |
| 6/26/2013 | ECF Filer using Septowski ECF Number files Schedules/SOFA/ Stmt of Intent/Amdd Matrix | | Dkt. #15, 16, 17 and 18 |
| 6/28/2013 | Motion to Lift Stay filed by Eagle/VFB | | Dkt. #21 |
| 7/1/2013 | Case dismissed for failure to file employee records | | Dkt. #23 |
| 7/9/2013 | 341 Meeting was to be held—meeting was not held bc. case was dismissed | | |
| 7/16/2013 | Setting for Motion to Lift Stay to be heard—motion was not heard bc. case was dismissed | | Entry on 7/16/2013 |
| 7/18/2013 | Motion to reopen filed by ECF FilerSeptowski | | Dkt. #26 |
| 7/18/2013 | Employee records filed by ECF Filer # for Septowski | | Dkt. #27 |
| 7/20/2013 | Cert. of Service on motion to reopen filed by ECF Filer# for Septowski | | Dkt. #28 |
| 8/1/2013 | | Active Suspension of law license converts to probation if other conditions met | Possible that attorney is authorized to practice law in Texas |
| 8/5/2013 | Court grants motion to reopen | | Dkt. #29 |
| 8/9/2013 | ECF Filer # for Septowski files Motion to Appear Pro Hac Vice | Adding name of local counsel | Dkt. #33 Pro Hac Vice application states Septowski has two |

Memorandum Opinion and Order                                                                                          Page 5

| | | | |
|---|---|---|---|
| | | | administrative grievances. |
| 8/15/2013 | ECF Filer # for CS files Amended Motion to Appear Pro Hac Vice | | Dkt. #35 |
| 8/22/2013 | Court grants Amended appl. to appear pro hac vice | | Dkt. #36 |
| 9/3/2013 | Septowski appears in court to represent Debtors in Lift Stay hearing. | | |

13. On August 9, 2013, Charles Septowski filed an Application for Admission Pro Hac Vice on which he stated that he was "in good standing with the bars of the courts" and that he had been subject to grievance proceedings related to the late filing of dues and the late posting of CLE information. (Dkt. #33) The Application for Admission was amended to add the name of local counsel. (Dkt. #35)

14. The State Bar of Texas Grievance Committee Evidentiary Panel issued Decision AO121114231 which states that Mr. Septowski was to be actively suspended from the practice of law from May 1, 2013 through July 31, 2013, for violations of Texas Disciplinary Rules of Professional conduct 4.04(a), 8.04(a)(1) and 8.04(a)(7). The Decision further states that should Mr. Septowski comply with required reporting and other actions, the State Bar would lift his active suspension on August 1, 2013 and replace it with a "probated" suspension for the following 21 months.

15. The State Bar of Texas returned Mr. Septowski to Active Status on August 1, 2013.

16. The State Bar of Texas Grievance Committee Evidentiary Panel issued Decision A0071113934 which imposed a probated suspension on Mr. Septowski from December 1, 2012 through May 31, 2013 for violating Texas Disciplinary Rules of Professional Conduct 8.04(a)(1) and 8.04(a)(11).

17.     The pro hac vice motions, at Question 10, does not include the disciplinary suspension and probated suspensions for disciplinary reasons.  (Dkt. #33, 35)

18.     The Northern District of Texas admitted Mr. Septowski to practice on November 1, 2013.  (Dkt. 51)

19.     The Applicant filed an earlier case in the Bankruptcy Court for the Northern District of Texas and attendant pleadings without filing a motion to appear pro hac vice (Case No. 13-30412-BJH-7).  Mr. Septowski does not dispute that this was an error.

20.     Cameron Chandler, now Cameron Compton, resides and practices law in Alaska.

21.     Cameron Chandler (Compton), the alleged signatory of the Attorney Disclosure Statement and Motion to Reopen, has chosen an "inactive" status with the State Bar of Texas and is not admitted to practice in the Northern District of Texas.  (State Bar Number 24062661)

22.     State Bar of Texas records show that the bar number associated with Cameron Chandler (Compton) on Dkt. #14 and #26, #0192457, is not a valid member number in Texas.

**ANALYSIS**

Various factual anomalies are apparent from a review of the Debtors' case file and the parties' stipulated facts.  For example, why did the Debtors pay Septowski's firm, Septowski & Associates ("S&A") $7,500 in connection with their bankruptcy filing, but then file the bankruptcy petition pro se?  Did S&A receive $7,500 to represent the Debtors as represented in the initial Disclosure of Compensation of Attorney for Debtor(s) or $1.00 as represented in the Amended Disclosure of Compensation of Attorney for Debtor(s)?  Why was the ECF login and password of a suspended lawyer, Septowski, used when filing documents and pleadings in the Debtors' bankruptcy case?  Who is Cameron Chandler, what relationship, if any, did she have with S&A, and did she agree to represent the Debtors in their bankruptcy case while Septowski

was suspended from the practice of law by the State Bar of Texas?

The answers to these questions reveal an exceedingly disturbing set of circumstances, which compel the Court's conclusion that Septowski should be barred from practicing in the Bankruptcy Courts for the Northern District of Texas for a period of not less than 24 months, among other things. The reasons for the Court's conclusion are explained below.

As noted previously, Septowski was suspended from the practice of law by the State Bar of Texas from May 1, 2013 through July 31, 2013 (the "Suspension Period"). The Debtors' bankruptcy petition was filed during the Suspension Period. As relevant here, Septowski is the only person who knew the Debtors or understood their legal and financial difficulties. Prior to the hearing on the Motion, Alums, Septowski's paralegal, met them briefly once, but never had any substantive conversation with them. And, although Septowski's firm name – Septowski & Associates – suggests that he has associates who practice law with him, he does not. S&A is just Septowski and a part-time contract paralegal, Alums, who has no formal paralegal training. Septowski doesn't even file his own pleadings with the courts before which he practices, he apparently uses the services of a non-legal filing firm in Liberty, Missouri (apparently owned by Ms. Porcet) to file documents for him using his court-issued ECF login and password.

Septowski's ECF login and password were first used to file documents in the Debtors' bankruptcy case on June 26, 2013, two weeks after the bankruptcy case was filed and while Septowski was suspended from the practice of law. One of the documents filed that day with Septowski's ECF login and password was the Disclosure of Compensation of Attorney for Debtor(s). Interestingly, that document purports to be signed by "Cameron Chandler #0192457, Septowski & Associates, P.O. Box 943, Round Rock, TX 78680," and further indicating the telephone number of S&A. Numerous other documents and pleadings purportedly signed by Ms.

Chandler were filed using Septowski's ECF login and password during the Suspension Period.

Shockingly, Ms. Chandler, whose married name is Mrs. Compton,[2] lives and practices family law in Anchorage, Alaska, where she has lived and practiced law since October 2008. She does not practice bankruptcy law.  While Ms. Chandler once lived in Texas and was a member of the State Bar of Texas, since moving to Alaska she has chosen an "inactive" status with the State Bar of Texas and is not admitted to practice in the Northern District of Texas.  The bar number used on the pleadings that she purportedly filed in the Debtors' bankruptcy case showed her Texas State Bar number as 0192457, when in fact her Texas State Bar number was 24062661.  Ms. Chandler has never met the Debtors, doesn't know anything about them or their financial difficulties, and was never contacted by Septowski, Alums, or anyone else purportedly acting on behalf of Septowski or his firm to see if she would represent the Debtors while Septowski was suspended from the practice of law by the State Bar of Texas.  Needless to say, she is not, and has never been, affiliated in any way with S&A.

Furthermore, and equally shocking, is the fact that no one can explain who prepared the documents and pleadings that are falsely represented to have been signed by Ms. Chandler and filed in the Debtors' bankruptcy case.  From the Court's perspective and based on the record made at the hearings, there are only five possible candidates – *i.e.*, Ms. Chandler, the Debtors, Alums, Ms. Porcet, and/or Septowski.  The Court is completely satisfied that Ms. Chandler did not prepare them.  There is no evidence to suggest that she is anything but an innocent victim of the fraudulent conduct that occurred in the Debtors' bankruptcy case.  Moreover, nothing suggests that the Debtors even knew Ms. Chandler, let alone had any reason to randomly pick her name out of thousands of potential Texas lawyers who they could falsely claim was

---

[2] The Court will refer to Mrs. Compton as "Ms. Chandler" throughout the balance of this Memorandum Opinion and Order because that is the name used in the falsified pleadings filed with the Court.

representing them in their bankruptcy case. Alums denied preparing and filing the false documents, and testified that he has no idea who did. Moreover, Alums testified that he had never filed documents or pleadings electronically with any court and did not know what an ECF number (login and password) was. While the Court was not impressed with Alums' knowledge of legal matters or his training to be a paralegal (he was a concrete contractor before beginning to work for Septowski as a part-time contract paralegal some 20-years ago), there is no evidence contradicting his testimony.

As noted previously, Ms. Porcet declined to come to Texas to explain her involvement with the preparation and filing of the documents and pleadings in the Debtors' bankruptcy case that are falsely represented to have been signed by Ms. Chandler. However, Septowski's "story" changed between the November 20 and the January 6 hearings and, when explaining why Ms. Porcet was not present in the courtroom on January 6 as the Court had instructed, he stated that she had declined to come because she had acted under his instructions when filing the documents and knew nothing further about them. So, for the first time, Septowski admitted on January 6, that he had instructed that the false documents and pleadings be filed in the Debtors' bankruptcy case, although still refusing to admit that he had prepared those documents or that he knew they were false. So, based upon Septowski's partial admission, the Court is satisfied that while Ms. Porcet may have filed the false documents with the Court, she did so at the instruction of Septowski while he was suspended from the practice of law by the State Bar of Texas. Moreover, the Court is satisfied that she had no relationship with the Debtors and did not prepare the false documents at issue here.

That leaves only Septowski as the person who prepared the documents and pleadings that falsely represented Ms. Chandler's representation of the Debtors and affiliation with his law

firm, S&A. And, of course, he is the logical person to have prepared those documents and pleadings and, as he finally admitted at the January 6 hearing, caused them to be filed with the Court in the Debtors' bankruptcy case – the Debtors were his clients; as relevant here, he's the only person with knowledge of the Debtors' legal and financial difficulties; and he's the person the Debtors paid to assist them with their legal and financial difficulties. Moreover, whether he actually prepared the false documents is of no real consequence here because under the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts adopted by this Court and attached to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas as Appendix J (the "ECF Procedures"), he is deemed to have signed them under Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

Pursuant to the ECF Procedures, an approved participant, including any attorney admitted to practice before the Court, must register for an authorization through which that person can accomplish the electronic filing of documents with the Court. ECF Procedures, Article I, B, 1. Once approved, that person is assigned a unique login and password combination with which to access the court's Electronic Filing System. *Id.* at 2. Septowski became an authorized Electronic Filer in the Northern District of Texas and was assigned a login/password combination unique to him. Pursuant to Article III, B, 2 of the ECF Procedures "the filing of any document using a login/password combination issued by the Authorizing Court shall constitute an Electronic Filer's signature for purposes of signing the document under Fed. R. Bankr. P. 9011 or any other signature requirement imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or any local rule of the Authorizing Court." Moreover, "no person shall knowingly utilize or cause another person to utilize the password of an Electronic Filer unless

such a person is an authorized agent of the Electronic Filer." *Id.*

There is no dispute here that Septowski's ECF login and password were used when the documents and pleadings that falsely represented Ms. Chandler's representation of the Debtors and affiliation with S&A were filed with the Court in the Debtors' bankruptcy case. In accordance with the ECF Procedures, Septowski signed these false documents and pleadings and is responsible for their filing in the Debtors' bankruptcy case. Of course, that also means that he was practicing law while suspended from that practice by the State Bar of Texas.

Moreover, the Court finds that Septowski intentionally attempted to obfuscate his continued direct involvement in the Debtors' bankruptcy case during the Suspension Period by falsely representing to the Court that Ms. Chandler was (i) an associate attorney of S&A, and (ii) the lawyer of record for the Debtors during the Suspension Period. Then, when caught by the US Trustee, the Court finds that Septowski continued to attempt to obfuscate his direct involvement in the Debtors' bankruptcy case during the Suspension Period by misrepresenting to the Court (i) his obvious and ongoing involvement, and (ii) the testimony of Alums at the November 20 hearing.

Specifically, Septowski maintained at the November 20 hearing that he was innocent of any wrongdoing here. He claimed that because of his suspension from the practice of law by the State Bar of Texas, he had instructed Alums to contact Ms. Chandler to see if she would cover for him with the Debtors during the Suspension Period. According to Septowski, Alums told him that he had contacted Ms. Chandler and that she had so agreed. So, as Septowski's initial story went, he's innocent of any wrongdoing because he truly thought Ms. Chandler had agreed to handle the Debtors' bankruptcy case for him during the Suspension Period.

Sadly, that story makes no sense if any thought is given to it and, from the Court's

perspective, is a total fabrication by Septowski. For example, if Ms. Chandler had truly agreed to represent the Debtors during the Suspension Period, why were pleadings filed that said Ms. Chandler was associated with S&A and used S&A's office address and phone number? Ms. Chandler was never associated with S&A and, if she had really agreed to be the attorney of record for the Debtors during the Suspension Period, wouldn't she have insisted on using her own firm name, office address and phone number so that she would receive pleadings and/or communications from court staff, not S&A's address and phone number? And, why would a non-bankruptcy lawyer agree to take on the handling of a consumer bankruptcy case when she knew nothing about consumer bankruptcy law? Of course, another serious problem with Septowski's initial story is that Alum's testimony doesn't support it. While Alums did testify that Septowski asked him to contact Ms. Chandler to see if she would be willing to take on the Debtors' representation during the Suspension Period, Alums further testified that (i) he never actually spoke to Ms. Chandler, and (ii) he never told Septowski that she had agreed to take on the Debtors' representation.

To make matters worse, Septowski then misrepresented Alums' November 20 testimony to the Court at the outset of the continued hearing on January 6. After advising the Court that Ms. Porcet had declined to come to Texas because all she knew was that she had filed the documents and pleadings at Septowski's direction,[3] Septowski then explained that while he accepted responsibility for having caused false documents and pleadings to be filed in the Debtors' bankruptcy case, it was all an unfortunate misunderstanding due to Alums having lied to him about (i) having spoken to Ms. Chandler, and (ii) Ms. Chandler having agreed to take on the Debtors' representation during the Suspension Period, as, according to Septowski, Alums had

---

[3] As noted previously, at the January 6 continued hearing, Septowski finally acknowledged that the documents and pleadings were filed by Ms. Porcet at his direction using his ECF login and password.

admitted on the witness stand on November 20. When pressed by the Court because its recollection of Alum's testimony was markedly different, Septowski continued to assure the Court that Alums had testified that he had lied to Septowski and that was how this unfortunate mess had occurred.[4]

Following the January 6 hearing, the Court listened to the electronic transcript of the entire November 20 hearing. And, consistent with the Court's recollection of Alums' November 20 testimony, Alums never testified that he lied to Septowski. In fact, Alums denied having told Septowski that Ms. Chandler agreed to take on the Debtors' representation during the Suspension Period.

Septowski's continued efforts to mislead the Court have only increased the Court's confidence in the correctness of its conclusions regarding the outcome here.[5] So, after carefully considering the pleadings on file and the record made at both the November 20 and January 6

---

[4] Even assuming Septowski's revised "story" is true (which of course it isn't), that "story" leaves unanswered at least two material questions: (i) who prepared the false pleadings and documents during the Suspension Period, and (ii) who was consulting with the Debtors during the Suspension Period and received their authority to file those documents and pleadings in their bankruptcy case?

[5] Much time was spent at the continued January 6 hearing with Septowski attempting to explain that while he was ultimately responsible for what had occurred here and was sorry about the unfortunate mess, he was really a "good guy" and innocent of any real wrongdoing – again because of Alums' alleged lies to him and because he thought the use of his ECF login and password by Ms. Chandler was authorized by Local Rule 11.1. When the Court expressed confusion about what Local Rule he was referring to given his admission at the November 20 hearing that he had not read the rules regarding the use of an ECF login and password "in years," and the fact that there is no Bankruptcy Court ECF-related rule 11.1, Septowski admitted that between the November 20 hearing and the January 6 hearing, he had decided he should read the ECF rules and he "googled them." What apparently came up in his google search were the Local Rules for the United States District Court for the Northern District of Texas, not the ECF Procedures adopted by the Bankruptcy Court for the Northern District of Texas. Then, in what can only be described as a tortured reading of District Court LR 11.1 (c) and maybe (d), Septowski claimed that he thought the filings at issue here were appropriate – again because he thought Ms. Chandler had agreed to serve as substitute counsel.

From the Court's perspective, Septowski misreads District Court LR 11.1(c). What it correctly says is that when the false documents were filed using Septowski's ECF login and password, he certified that "the document had been properly signed" by Ms. Chandler. Of course, that certification was false as Ms. Chandler did not sign any of the pleadings. Moreover, to the extent Septowski relies on District Court LR 11.1(d) to rationalize his conduct here, his reliance is also misplaced. In fact, District Court LR 11.1(d) requires that Septowski include a scanned image of Ms. Chandler's signature (which he didn't) and keep the signed paper copy of her signature for one year after the final disposition of the case (of which there is no signed paper copy because Ms. Chandler did not sign any pleadings).

hearings, the Court finds that (i) Septowski's evolving "story" is incredible and an after-the-fact fabrication, (ii) Septowski has attempted to mislead the Court with respect to his knowledge of material relevant facts, (iii) Septowski prepared documents and pleadings that falsely represented Ms. Chandler's representation of the Debtors and affiliation with his law firm during the Suspension Period, (iv) Septowski either filed directly, or authorized Ms. Porcet to file, false documents and pleadings in the Debtors' bankruptcy case during the Suspension Period, (v) Septowski is legally responsible for the filing of false documents and pleadings with this Court in the Debtors' bankruptcy case during the Suspension Period; and (vi) Septowski continued to practice law and represent the Debtors in their bankruptcy case during the Suspension Period.

Given these findings, the Court concludes that Septowski should be barred from practicing in the Bankruptcy Courts for the Northern District of Texas for a period of not less than 24 months from the date of the entry of this Memorandum Opinion and Order on the Court's docket in the Debtors' bankruptcy case. If Septowski wishes to be readmitted to practice before the Bankruptcy Courts for the Northern District of Texas at any time after the expiration of this 24-month period, Septowski must file such a request with the Chief Judge of the Bankruptcy Court for the Northern District of Texas, who will decide, after notice to the US Trustee and a hearing, if Septowski should be allowed to resume practice in our court.

In the proposed Agreed Order that Septowski and the US Trustee tendered to the Court at the outset of the November 20 hearing, Septowski agreed to refund $500 to Happy Cars, Inc. on or before December 31, 2013. The Court approves that portion of the parties' agreement and directs Septowski to refund $500 to Happy Cars, Inc. on or before January 31, 2014, following which he shall provide (within 2 business days) the US Trustee with written evidence confirming that the monies have been so refunded.

Given the Court's findings and conclusions, and the seriousness of the ethical breaches that have occurred here, the Court directs the US Trustee to provide a copy of this Memorandum Opinion and Order to appropriate parties at the State Bar of Texas to consider what action, if any, is appropriate given Septowski's conduct and continued practice of law while suspended from that practice by the State Bar of Texas.

**SO ORDERED**.

### END OF MEMORANDUM OPINION ###